JONATHAN W. HUGHES (SBN: 186829)
jonathan.hughes@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone:   (415) 471-3100
Facsimile:    (415) 471-3400

ANGEL TANG NAKAMURA (SBN: 205396)
angel.nakamura@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone:   (213) 243-4000
Facsimile:    (213) 243-4199

Attorney for Defendants CARNIVAL CORPORATION and CARNIVAL PLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOYLING MAA, individually and as personal representative of the ESTATE OF WILSON MAA; and the ESTATE OF WILSON MAA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CARNIVAL CORPORATION & PLC, a Bermuda Corporation; and PRINCESS CRUISE LINES, LTD., a Bermuda Corporation,<br><br>                    Defendants. | Case No.: 2:20-cv-06341<br><br>**DEFENDANTS CARNIVAL CORPORATION'S AND CARNIVAL PLC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1333, 1441(a), and 1446, Defendants Carnival Corporation and Carnival plc (incorrectly labeled in the complaint as "Carnival Corporation & PLC") hereby give notice of removal of the action, captioned *Toyling Maa et al. v. Carnival Corporation & PLC et al.*, bearing Case No. 20STCV22145, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. Defendant Princess Cruise Lines, Ltd., consents to removal of this action. Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following statement of grounds for removal.

## I.     PROCEDURAL HISTORY

1.     Plaintiff commenced this lawsuit in the Superior Court of California, County of Los Angeles, by filing a complaint in Case No. 20STCV22145 on or about May 6, 2019.

2.     Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true and correct copies of the summons and Complaint, as well other process, pleadings, and orders served upon Carnival Corporation and Carnival plc.  (*See* Exhibit A)

## II.     FEDERAL JURISDICTION

3.     This case is removable under 28 U.S.C. § 1441(a), which provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.     This case is one "of which the district courts of the United States have original jurisdiction" because it falls within federal admiralty jurisdiction under 28 U.S.C. § 1333(1), which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (2001)

(explaining that admiralty cases fall within federal courts' original jurisdiction).

5. The Complaint makes clear that this case falls within federal admiralty jurisdiction under § 1333(1). Plaintiffs allege that they contracted COVID-19 aboard the *Coral Princess*, a cruise ship operated by Defendant Princess Cruise Lines Ltd., as it sailed in South America. (Compl. ¶¶ 91-92, 114.) Plaintiffs' primary allegations of negligence relate to Defendants' "decision to continue cruise ship operations" and Defendants' purported failure to take adequate safety precautions on-board. (*Id.* ¶ 113.) Federal courts have admiralty jurisdiction when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) ((quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995))). And admiralty jurisdiction governs whether or not plaintiffs label their case an admiralty case. *See Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018). Plaintiffs' case is unquestionably an admiralty case and thus is removable under § 1441(a).

6. For two independent reasons, Plaintiffs cannot rely on § 1333(1)'s "savings to suitors" clause to prevent removal.

7. *First*, Plaintiffs through a contractual forum selection clause have waived their ability to proceed in state court, even if they otherwise might be able to proceed in state court under the savings-to-suitors clause.

8. Princess's Passage Contract, which passengers must agree to before boarding the *Coral Princess*, states unequivocally that:

> All claims or disputes involving Emotional Harm, bodily injury, illness to or death of any Guest whatsoever, including without limitation those arising out of or relating to this Passage Contract or Your Cruise, *shall be litigated in and before the United States District Courts for the Central District of California*

*in Los Angeles*, or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Los Angeles County, California, U.S.A., to the exclusion of the courts of any other country, state, city, municipality, county or locale. You consent to jurisdiction and waive any objection that may be available to any such action being brought in such courts.

See Princess, *Passage Contract* § 15(B)(i) (emphasis added), https://www.princess.com/legal/passage_contract/pcl.html.[1] Plaintiffs point to this specific section of the Passage Contract in their complaint. (Compl. ¶ 26.)

    9.    Toyling Maa and Wilson Maa agreed to the terms of the Passage Contract before embarking on the *Coral Princess*.

    10.    The Passage Contract's forum selection clause by its terms applies to this case. The Complaint seeks damages for wrongful death (Compl. ¶ 114) and emotional injury based on purported illness (*id.* ¶ 118-19.) And as explained, this is not a "lawsuit[] over which the Federal Courts of the United States lack subject matter jurisdiction" because it falls within federal admiralty jurisdiction, 28 U.S.C. § 1333.

    11.    The Passage Contract's forum selection clause is valid and enforceable. The Ninth Circuit has squarely held that a plaintiff can waive his ability to file an admiralty case in state court pursuant to the savings-to-suitors clause. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) (applying forum selection clause in removal context). And a California appellate court has held that the very forum

---

[1] The Passage Contract identifies Princess as the "Carrier," and in Section 1 provides that "all of Carrier's rights, exemptions from liability, defenses and immunities under this Passage Contract (including, but not limited to, those described in Section[] … 15) will also inure will also inure to the benefit of" any of the Carrier's "affiliated or related companies." As the Complaint alleges, Carnival Corporation and Carnival plc are "affiliated or related companies" of Princess: Carnival Corporation is Princess's corporate parent, and Carnival plc is Carnival Corporation's affiliate. (Compl. ¶¶ 14, 21.)

selection clause at issue here is enforceable and precludes litigation of admiralty cases in state court, notwithstanding the savings-to-suitors clause. *Korman v. Princess Cruise Lines, Ltd.*, 32 Cal. App. 5th 206, 223 (2019) (dismissing case filed in state court); *see also DeRoy v. Carnival Corp.*, ___ F.3d ___, 2020 WL 3525536, at *9 (11th Cir. June 30, 2020) (enforcing similar forum selection clause and holding that it required plaintiffs to file suit in federal court); *Oltman v. Holland America Line USA, Inc.*, 178 P.3d 981 (Was. 2008) (similar).

12. *Second*, even absent the Passage Contract, this case would be removable as "a civil action … of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

13. Prior to 2011, the relevant federal removal statute provided that defendants could remove "[a]ny civil action of which the district courts have original jurisdiction" only so long as the case was "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b) (2006). Several courts interpreted this prior language to mean that admiralty cases were not removable to federal court unless there was an independent basis for federal subject matter jurisdiction beyond admiralty. *See, e.g.*, *Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003); *see also Morris v. Princess Cruises*, 236 F.3d at 1069 (suggesting the same). The rationale of these decisions was that admiralty claims, although within the original jurisdiction of federal district courts under 28 U.S.C. § 1333, do not technically "aris[e] under" federal law as a substantive matter. *See TE Marine*, 344 F.3d at 444.

14. But Congress in 2011 eliminated § 1441's "arising under" limitation. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 759. The statute now broadly permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless "otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a) (2018). As several courts have now held, this critical change makes

admiralty cases removable: There is no question that an admiralty case is "a civil action … of which the district courts of the United States have original jurisdiction," and thus it is removable regardless of whether it arises under federal law. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 817 (7th Cir. 2015); *Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773, 790 (M.D. La. 2014); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).

15.  Thus, even if Plaintiffs had not contractually waived any right to file suit in state court—and they have waived that right—this case remains removable under § 1441(a) because, as an admiralty case, it falls within the original jurisdiction of the federal district courts.

**III.  VENUE**

16.  The Superior Court of California, County of Los Angeles, is located within the Central District of California. Removal to this Court thus satisfies the venue requirement of 28 U.S.C. § 1446(a). In addition, the Passage Contract (cited at Compl. ¶ 26) specifies that venue is proper in the Central District of California.

**IV.  CONSENT**

17.  Defendant Princess Cruise Lines Ltd. consents to the removal of this action.  (*See* Exhibit B)

**V.  TIMELINESS**

18.  Plaintiffs filed on the state court docket a proof of service on "Carnival Corporation & PLC" that reflects service of process on June 18, 2020.  Because there is no legal entity known as "Carnival Corporation & PLC" this purported service of process is ineffective.  Nonetheless, and solely for the avoidance of doubt, Carnival Corporation and Carnival plc remove this action within 30 days of June 18, 2020 and this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## VI. NOTICE

19. The written notice required by 28 U.S.C. § 1446(d) will be filed simultaneously in the Superior Court of California, County of Los Angeles, with the filing of this Notice of Removal and will be promptly served on Plaintiffs.

## VII. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

20. By filing this notice of removal, Defendants do not waive any legal defenses and expressly reserve their rights to raise any and all legal defenses in subsequent proceedings.

21. If any question arises as to the propriety of this removal, Defendants request the opportunity to present written and oral argument in support of removal.

## VIII. CONCLUSION

22. WHEREFORE, Carnival Corporation and Carnival plc—with the consent of Princess Cruise Lines Ltd.—hereby remove this lawsuit from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1333, 1441, and 1446 (and any other applicable laws).

Dated: July 16, 2020

ARNOLD & PORTER
KAYE SCHOLER LLP

By: *s/ Jonathan W. Hughes*
Jonathan W. Hughes
Angel Tang Nakamura

*Attorney for Defendants
Carnival Corporation and
Carnival plc*